# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
| | (For Offenses Committed On or After November 1, 1987) |
| | *(Changes Identified with Asterisks (*))* |
| v. | CASE NUMBER:  05-cr-00104-WYD-01 |
| | USM Number: 33407-013 |
| JIMMY WAYNE MAHAN, JR. | Robert William Pepin, AFPD |
| | (Defendant's Attorney) |

**Date of Original Judgment:**  November 8, 2005

**Reason for Amendment:**   United States Court of Appeals remanding the case to the United States District Court with instructions to vacate original sentence imposed and resentence the defendant.

**THE DEFENDANT:**  Pleaded guilty to count I of the Indictment.

**ACCORDINGLY,**  the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Prohibited Person | 10/16/04 | I |

   The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

   IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

|  |
|---|
| September 19, 2007 |
| Date of Imposition of Judgment |
| s/ Wiley Y. Daniel |
| Signature of Judicial Officer |
| Wiley Y. Daniel, U.S. District Judge |
| Name & Title of Judicial Officer |
| October 10, 2007 |
| Date |

DEFENDANT:  JIMMY WAYNE MAHAN, JR.
CASE NUMBER:  05-cr-00104-WYD-01                                                    Judgment-Page 2 of 7

## IMPRISONMENT

*The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of sixty (60) months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy United States Marshal

DEFENDANT:  JIMMY WAYNE MAHAN, JR.
CASE NUMBER:  05-cr-00104-WYD-01                                                                 Judgment-Page 3 of 7

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

The defendant shall report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of a DNA sample from the defendant as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Monetary Obligations sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the following page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of testing and treatment for drug and alcohol abuse, as directed by the probation officer, until he is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

2) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer.   The defendant shall pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.

3) The defendant shall remain compliant and shall take all medications that are prescribed by his treating psychiatrist.  The defendant shall cooperate with random blood tests as requested by his treating psychiatrist and/or supervising probation officert to ensure that a therapeutic level of his prescribed medications is maintained.

DEFENDANT:  JIMMY WAYNE MAHAN, JR.
CASE NUMBER:  05-cr-00104-WYD-01                                                                 Judgment-Page 5 of 7

## MONETARY OBLIGATIONS

The defendant shall pay the following monetary obligations in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| I | $100.00 | $0.00 | $0.00 |
| **TOTALS** | $100.00 | $0.00 | $0.00 |

DEFENDANT:  JIMMY WAYNE MAHAN, JR.
CASE NUMBER:  05-cr-00104-WYD-01                                        Judgment-Page 6 of 7

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations shall be due as follows:

The $100.00 special assessment fee is due in full immediately.  If the special assessment fee has been paid, the fee is not re-imposed.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment.

DEFENDANT:  JIMMY WAYNE MAHAN, JR.
CASE NUMBER:  05-cr-00104-WYD-01                                                                Judgment-Page 7 of 7

# STATEMENT OF REASONS

**The court adopts the presentence report and advisory applications without change.**

Pursuant to the United States Supreme court ruling in the *United States v. Booker and United States v. Fanfan*, the United States Sentencing Commission Guidelines have become advisory.  The court, while not bound to apply the Guidelines, has consulted the advisory guidelines and taken them into account with the sentencing factors identified at 18 U.S.C. § 3553(a).

**Guideline Range Determined by the Court (Before Departures):**

Total Offense Level:  21

Criminal History Category:  VI

Imprisonment Range:  77 to 96 months

Supervised Release Range: 2 to 3 years

Fine Range:           $7,500    to    $75,000

The fine is waived because of the defendant's inability to pay.

Total Amount of Restitution:           None.

The sentence departs from the guideline range upon motion of the government, as a result of the defendant's substantial assistance.

In addition, the 60-month sentence varies from the advisory guideline range to reflect the nature and circumstances of the offense and the history and characteristics of the defendant; to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, pursuant to 18 U.S.C. § 3553(a).  The variant sentence is not predicated on the defendant's mental health condition.